**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION**

TIMOTHY S. WISE
Reg. # 03540-063                                                                                    PLAINTIFF

v.                                                  2:08-cv-00138-JMM-JJV

HARLEY G. LAPPIN, Director,
Bureau of Prisons; *et al.*,                                                          DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended partial disposition has been sent to United States District Judge James M. Moody.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.        Why the record made before the Magistrate Judge is inadequate.

2.        Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.        The details of any testimony desired to be introduced at the new hearing in the form

1

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Timothy Wise, who was incarcerated at the Federal Correctional Institute (FCI) at Forrest City, Arkansas, filed this action pursuant to *Bivens v. Six Unknown Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), alleging a number of claims including deliberate indifference to his serious medical needs.  Now pending before the Court is Defendants' Motion for Summary Judgment (Doc. No.  107) to which Plaintiff has responded (Doc. No.  114).  Therefore, the matter is ripe for a decision.  After careful consideration of the Motion, Response, and supporting evidence, the Court finds that Defendants' Motion for Summary Judgement should be GRANTED.

## I.    FACTS

In July 2007 Plaintiff was incarcerated at the FCI in Beaumont, Texas, where he sustained serious injuries to his neck, back, and jaw during a fight with other inmates.  (Doc. No. 109 ¶ 2). He was transported to the hospital for treatment and surgery.  Plaintiff reported that his "neck injury had to be cleared by an orthopedic surgeon before [he] could be seen by the oral surgeon or have surgery done on [his] jaw.  (Doc. 108 at 7).  Plaintiff received regular treatment in Texas for his injuries over the next few months.   On November 14, 2007, Plaintiff's doctor noted that Wise had

been discharged from orthopedic treatment for his spine on September 20, 2007. (Doc. No. 107-3 at 7). The note states, "Please evaluate and if clinically indicated send back to Oral Surgery. He said he is very concerned about his jaw. I don't feel I can give him an opinion on the jaw. I did tell the inmate that the last Oral Surgery note says that 'no surgical intervention is necessary." *Id.* A month later, treatment notes report that Plaintiff's jaw had not healed properly, resulting in malocclusion and thus he should be referred to an oral surgeon once released by his orthopedic doctors. (Doc. No. 107-3 at 8). According to Defendants, Plaintiff was released by his orthopedic doctors just before his transfer tot FCI Forrest City on February 19, 2008. (*Id.* at 3; Doc. No. 109 ¶ 4).

During intake at FCI Forrest City, Plaintiff complained about pain in his neck, back, and jaw. (Doc. No. 107-3 ¶ 3). Defendant Refendor reviewed Plaintiff's medical records and noted that Plaintiff's cervical fracture had healed prior to his transfer. (Id. ¶ 4). Nevertheless, due to continued complaints of pain, he added Plaintiff to the chronic care clinic for periodic evaluations (Doc. No. 107-1 at 2) and ordered spinal x-rays. (Doc. No. 107-3 ¶ 4). The x-rays showed spondylolysis of the lumbar spine at L5 and negative results of the cervical spine. (Doc. No. 107-3 at 5-6).

Plaintiff was next evaluated for neck and back pain on February 26, March 7, March 20, and April 10, 2008. (Doc. No. 107-1 at 2). On April 10, 2008, Plaintiff was also referred to a dentist for his complaints of jaw pain. Defendant Refendor admits he misread the treatment notes regarding the oral surgery referral and that Plaintiff's jaw should have been evaluated in February during intake. (Doc. 107-3 ¶ 6).

Plaintiff was finally seen by Angie Roach, D.D.S., on April 30, 2008. (Doc. No. 107-2, ¶ 2). Dr. Roach diagnosed Plaintiff with a malocclusion of the left jaw and referred him to an oral surgeon at The Regional Medical Center at Memphis. (*Id.*) On June 5, 2008, Plaintiff underwent

successful oral surgery.  (*Id.*, ¶ 4).

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper if, drawing all reasonable inferences favorable to the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).  The moving party bears the burden of showing that the material facts in the case are undisputed. *See Celotex*, 477 U.S. at 322; *Mems v. City of St. Paul, Dep't of Fire & Safety Servs.*, 224 F.3d 735, 738 (8th Cir. 2000). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. *See Anderson*, 477 U.S. at 256; *Krenik v. County of Le Sueur*, 47 F.3d 953, 957 (8th Cir. 1995). The Court views the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. *See Graves v. Ark. Dep't of Fin. and Admin.*, 229 F.3d 721, 723 (8th Cir. 2000); *Calvit v. Minneapolis Pub. Schs.*, 122 F.3d 1112, 1116 (8th Cir. 1997).

### A.    *Bivens* Claim

Plaintiff's *Bivens*[1] claim alleges that his Eighth Amendment constitutional rights were violated by a delay in treatment for his jaw.  The Eighth Amendment provides, "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." In *Estelle v. Gamble*, the United States Supreme Court held that the Amendment's "elementary

---

[1]*Bivens* provides a cause of action for the constitutional violations of federal officers, while Title 42 U.S.C. § 1983 provides a parallel cause of action against state and local officers. *See Johnson v. Fankell*, 520 U.S. 911, 914-15 (1997); *Farmer v. Brennan*, 511 U.S. 825, 839 (1994); *Gordon v. Hansen*, 168 F.3d 1109, 1113 (8th Cir.1999) ("An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials."), quoting *Christian v. Crawford*, 907 F.2d 808, 810 (8th Cir.1990).

principles" of "dignity, civilized standards, humanity, and decency. . . establish the government's obligation to provide medical care for those whom it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 102-103 (1976). The Court explained that the government fails that obligation by "deliberate indifference to the serious medical needs of prisoners." *Id*. at 104.

The United States Court of Appeals for the Eighth Circuit has interpreted the *Estelle* deliberate indifference standard to require the plaintiff to show: "1) that he suffered from objectively serious medical needs; and 2) that the prison officials knew of but deliberately disregarded those needs." *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000) (citation omitted). Further, the plaintiff "must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation." *Id.*

To constitute an objectively serious medical need or a deprivation of that need, the need or the deprivation either must be supported by medical evidence or must be so obvious that a layperson would recognize the need for a doctor's attention. *Aswegan v. Henry*, 49 F.3d 461, 464 (8th Cir. 1995); *Johnson v. Busby*, 953 F.2d 349, 351 (8th Cir. 1991). *See, e.g., Beyerbach v. Sears*, 49 F.3d 1324, 1326-27 (8th Cir. 1995) (insufficient evidence of objective seriousness when there is no medical evidence that delay in treatment produced any harm); *Kayser v. Caspari*, 16 F.3d 280, 281 (8th Cir. 1994) (insufficient evidence of serious medical need when the medical need claimed is based on bare assertion of inmate). The objective portion of the deliberate indifference standard requires a showing of verifiable medical evidence that the defendants ignored an acute or escalating situation, or that delays adversely affected the prognosis given the type of medical condition present in the case. *See Dulany v. Carnahan*, 132 F.3d 1234, 1243 (8th Cir. 1997) (citing *Crowley v. Hedgepeth*, 109 F.3d 500, 502 (8th Cir. 1997)); *Beyerbach*, 49 F.3d at 1326). *See also O'Neil v. White*, 221 F.3d 1343, 1343 (8th Cir. 2000) (citing *Crowley*, 109 F.3d at 502).

When an inmate alleges that a delay in medical treatment rises to the level of an Eighth Amendment violation, "the objective seriousness of the deprivation should also be measured 'by reference to the effect of delay in treatment.'" *Beyerbach v. Sears*, 49 F.3d 1324, 1326 (8th Cir. 1995), *abrogation on other grounds recognized by Reece v. Groose*, 60 F.3d 487, 492 (8th Cir. 1995) (quoting *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). Therefore, Plaintiff must place verifying medical evidence in the record to establish the detrimental effect of delay in medical treatment. *Crowley, supra* at 502. Here, there is no evidence that Plaintiff has suffered from any lasting effects of the delay in treating the malocclusion of his jaw. To the contrary, the evidence reveals that the surgery, although delayed, successfully corrected the malocclusion. (Doc. No. 107-2 at 2). Nevertheless, the Court finds that Plaintiff did suffer pain and discomfort while awaiting the BOP referral to an oral surgeon. The Court next turns to the second inquiry into whether this delay in treatment was as the result of Defendants' subjective indifference.

To meet this second requirement, the "subjective" component of an Eighth Amendment claim, a prison or jail official must have a "sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992); *Wilson v. Seiter*, 501 U.S. 294, 297-303 (1991). In a medical needs claim, that state of mind is one of "deliberate indifference" to inmate health. *Farmer*, 511 U.S. at 838-39; *Helling v. McKinley*, 509 U.S. 25, 32 (1993); *Wilson*, 501 U.S. at 302-303; *Estelle*, 429 U.S. at 106. Thus, to establish "deliberate indifference" a plaintiff must assert facts showing the defendant actually knew of and disregarded a substantial risk of serious harm to the prisoner's health or safety. *Farmer*, 511 U.S. at 840-47; *Helling*, 509 U.S. at 32.

The evidence fails to support an allegation that Defendants had a "sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. at 8. There is no question that Defendants were negligent in not providing Plaintiff with an oral surgery consultation. However, this failure does not amount

6

to a constitutional blunder.  Defendants did continue to treat Plaintiff for the pain and complications

from injuries he received in Beaumont, Texas.  On February 20, 2008, immediately upon arrival at

Forrest City FCI, Plaintiff was added to the chronic care clinic for periodic evaluations.  (Doc. 107-1

at 2).  He was then seen and evaluated for pain on February 26, March 7, March 20, and April 10,

2008.  *Id.*  On April 10, he was referred to the dentist, and continued to receive treatment for pain

on April 18 and April 30.  *Id.*  On April 30, Dr. Roach evaluated Plaintiff's jaw malocclusion and

referred him to an oral surgeon.  *Id.*  Plaintiff again was treated for pain on May 9.  *Id.*  Plaintiff was

seen by an oral surgeon on May 29, 2008, and surgery was performed a week later on June 5, 2008.

*Id.*  Plaintiff received treatment and medication at Forrest City, FCI throughout this time period.

While the Court acknowledges that Plaintiff ideally should have been seen by an oral surgeon sooner

than later, Plaintiff simply cannot show that Defendants were deliberately indifferent to his medical

needs.

      While Plaintiff complains that the record of treatment Defendants have provided is

misleading, this argument is unavailing.  The Defendants unquestionably provided medical treatment

to Plaintiff but they failed to provide Plaintiff with the proper medical assessment that would have

led to an oral surgery consultation for his jaw.  This fails to amount to a constitutional violation.

      While this Court recognizes Plaintiff indeed suffered pain and discomfort, the evidence fails

to support Plaintiff's allegations that oral surgery was automatically a necessary part of his treatment

regimen and that his condition was dire.  In November 2007, doctors noted in medical records that

oral surgery was not necessary.  (Doc. No. 107-3, p. 7).  In December 2007, the records indicate that

Plaintiff was experiencing "some discomfort" but that an oral surgery consultation was not

recommended until after his other injuries had fully healed.  (*Id.* at 8).  His doctor stated, "I would

refer to oral surgery for evaluation."  *Id.*  Additionally, even the evaluating dentist opined that

Plaintiff's situation was not an emergency.  (Doc. No. 107-2 at 1).  Nothing in the evidence before the Court supports Plaintiff's allegations that oral surgery was identified as being imperative or that he was experiencing extreme discomfort and unable to eat or drink.

Plaintiff's claims, at best, amount to negligence.[2]  Thus, Plaintiff, as a matter of law, has failed to carry forward a claim of deliberate indifference to a serious medical need and Defendants' Motion for Summary Judgment on this point should be GRANTED.

For these reasons, IT IS, THEREFORE, RECOMMENDED that Defendants' Motion for Summary Judgment (Doc. No.  107) be GRANTED and Plaintiff's Complaint be DISMISSED with prejudice.

DATED this <u>8th</u> day of April, 2011.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[2]Negligence claims may be pursued  through the Federal Torts Claims Act (FTCA).  The FTCA is a specific statutory waiver of the Federal Government's sovereign immunity. *See Primeaux v. United States*, 181 F.3d 876, 878 (8th Cir. 1999)("The FTCA is a limited waiver of the federal government's sovereign immunity."), *cert. denied,* 528 U.S. 1154 (2000). Under the FTCA, a party can maintain an action against the United States, in Federal Court, for money damages arising from "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment. . ."  Title 28 U.S.C. § 1346(b).